NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.L., J.L., R.L.,
T.L., and M.L.

No. 1 CA-JV 25-0143

FILED 04-24-2026

---

Appeal from the Superior Court in Mohave County
No. L8015JD202107026
The Honorable Aaron Michael Demke, Commissioner

**AFFIRMED**

---

COUNSEL

Robert Rosanelli Attorney at Law, Phoenix
By Robert Rosanelli
*Advisory Counsel for Appellant*

Adam L., Aberdeen, Washington
*Appellant Pro Se*

Arizona Attorney General's Office, Tucson
By Tori M. Valdez, Marika J. Hodge
*Counsel for Appellee DCS*

Mohave County Legal Advocate, Kingman
By Christopher Giles
*Counsel for Appellee Children*

―――――――――――――――

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass and Chief Judge Randall M. Howe joined.

―――――――――――――――

**F O S T E R**, Judge:

¶1        Father, Adam L., appeals the juvenile court's order terminating his parental rights to his five children. He claims the termination violates his due process rights to a fundamental liberty interest. This Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2021, police investigated a report that Father physically and sexually abused two of his children.[1] During a police interview, Father admitted the allegations. Police charged him with rape of a child, child molestation, assault and incest. Father pled guilty to four counts of rape of a child in the first degree and four counts of incest in the first degree. A court sentenced him to 20 years to life in prison.

¶3        Because of Father's criminal convictions and sentence, the Arizona Department of Child Safety[2] sought a court order declaring all five children dependent as to Father. It alleged that Father sexually abused one of the children and could not properly care for any of them because of domestic violence, substance abuse and incarceration. Father entered a no-contest plea to the dependency, and the juvenile court found the children dependent for the reasons alleged.

¶4        As the dependency case progressed, Father asked the Department for visitation with the children. The Department understood

―――――――――――――――

[1] At the time of his arrest, Father, Cassandra C., ("Mother") and the children lived in Washington State.

[2] After Father's arrest, Mother fled to Arizona with the children while under an order not to do so. Washington transferred its dependency case to Arizona. Mother is not part of this appeal.

that the terms of Father's sentence prohibited him from contact with the children, but the Department allowed him to provide documentation on the terms of his sentence to determine the feasibility of his request. Around this time, the Department changed Father's case plan from family reunification to termination based on the nature of his crimes and the children's best interests.

**¶5** Several months later, the Department petitioned to terminate Father's parental rights on the grounds of willful abuse, A.R.S. § 8-533(B)(2), and nature of felony, A.R.S. § 8-533(B)(4). After initially contesting the termination petition, Father pled no contest.

**¶6** The court held an evidentiary hearing on the termination. It heard the Department's testimony and accepted its evidence. Counsel represented Father at the hearing. The court provided Father the opportunity to object to the testimony and evidence presented, as well as ask the witnesses questions. Father neither objected nor asked any questions. Father stated he wanted contact with the children but acknowledged he was subject to a no contact order stemming from his criminal conviction. Children's counsel did not oppose terminating Father's rights.

**¶7** After the evidentiary hearing, the juvenile court terminated Father's parental rights, finding the Department proved the willful abuse and nature of felony termination grounds by clear and convincing evidence. It also found that contact with Father was not in the children's best interests and that the Department proved termination to be in the children's best interests by a preponderance of the evidence. Father timely appealed. This Court has jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶8** Father challenges the termination of his parental rights on constitutional grounds, alleging that termination is not narrowly tailored to achieve the State's compelling interest in protecting children.

**¶9** Father represents himself on appeal.[3] This Court holds self-represented litigants to the same standard as attorneys. *Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017). Father's brief fails to properly cite legal authority or the record as required by Arizona Rule of Civil Appellate

---

[3] Father requested to represent himself in the appeal. This Court granted that request, but designated advisory counsel.

Procedure 13(a)(7)(A) and Arizona Rules of Procedure for the Juvenile Courts ("Juvenile Rule") 607(b). In this Court's discretion, it may treat such procedural errors as a waiver of claims. *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). Similarly, this Court "generally do[es] not consider issues, even constitutional issues, raised for the first time on appeal." *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 489, ¶ 20 (App. 2015). However, "[b]ecause of the constitutional ramifications inherent" in termination of parental rights proceedings, this Court reviews Father's claim, despite him not raising it below, for fundamental error. *Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 94, ¶ 23 (App. 2005); *Louis C.*, 237 Ariz. at 289, ¶ 20. "[T]o establish fundamental error, [a parent] must show that the error complained of goes to the foundation of the case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Monica C.*, 211 Ariz. at 94, at ¶ 24 (quoting *State v. Henderson*, 210 Ariz. 561, 568, ¶ 24 (2005)).

**¶10**    Here, Father, represented by counsel, entered a plea of no contest to termination of his parental rights. He thus waived the right to a contested trial. Ariz. R.P. Juv. Ct. 353(e). When a parent waives "the right to trial on the allegations contained in the petition or motion for termination of parental rights by admitting or not contesting the allegations," the court must comply with specific procedural requirements to ensure that the waiver is knowing, intelligent and voluntary. Ariz. R.P. Juv. Ct. 353(e)(1)–(4). The court complied with this requirement. It informed Father that by pleading no contest, he was waiving the opportunity to present evidence and contest the allegations. The court then proceeded with a colloquy and determined Father entered his plea knowingly, intelligently and voluntarily. Ariz. R.P. Juv. Ct. 353(e)(1)–(3).

**¶11**    Father does not allege he misunderstood this waiver. And he does not allege the juvenile court failed to make the necessary findings under Juvenile Rule 353(e). Rather, Father alleges (without any support in the record) that the court should not have terminated his parental rights until "after every other option has been tried and found to be ineffective."

**¶12**    But Father failed to make this argument in the juvenile court. He did not move for less restrictive orders, such as a permanent guardianship. Without such a motion, he waived the argument he presents on appeal. *Ariz. Dep't of Econ. Sec. v. Stanford*, 234 Ariz. 477, 480, ¶ 13 (App. 2014) (the court has no jurisdiction to proceed with alternatives to termination when no motion requests such alternatives).

**¶13** In *Tina T. v. Dep't of Child Safety*, a parent similarly challenged a termination on appeal after pleading no contest. 236 Ariz. 295, 298, ¶¶ 13–14 (App. 2014), *abrogated on other grounds by Sandra R. v. Dep't of Child Safety*, 248 Ariz. 224 (2020). The court there held that a parent's plea of no contest limits the parent's ability to challenge a termination order. *Id.* at 298, ¶ 14. Like *Tina T.,* Father's right to appeal is limited to raising issues of fundamental error such as the waiver procedure addressed in Juvenile Rule 353(e). *Id.* After failing to assert his rights in juvenile court, Father cannot now claim that the court erred.

## CONCLUSION

**¶14** This Court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR